UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO ALONSO VELASQUEZ,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa; TODD M. LYONS, Acting Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, in their official capacities,<br><br>                    Respondents. | Case No.: 26-cv-2715-JES-GC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Domingo Alonso Velasquez' ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on April 29, 2026 ("Petition"). ECF No. 1 ("Pet."). This case was transferred to this Court on April 30, 2026. ECF No. 3. Respondents filed a return to the Petition on May 6, 2026. ECF No. 7. For the reasons set forth below, the Court **DENIES** the Petition.

1

## I.    BACKGROUND

Petitioner is a citizen of Guatemala who fled his home country due to violence. Pet. at 2. Petitioner entered the United States on March 25, 2019. *Id.* He was detained on July 22, 2025, and has remained detained ever since. *Id.*

On February 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* After briefing by the parties, the court granted the petition and ordered Respondents to provide Petitioner with a bond hearing. *Id.*

Petitioner was provided a bond hearing before an immigration judge ("IJ") on February 2, 2026. *Id.* at 25. The IJ heard argument and denied bond in a written decision. *Id.* at 25-27. In the order, she stated that "Under Section 236(a) a respondent in bond proceedings must establish, to the satisfaction of the Immigration Judge, that he or she would not pose a danger to property or persons if released from custody, and that he does not pose a flight risk." *Id.* at 25. The IJ explained that the parties conceded Petitioner did not pose a danger to the community. *Id.* at 26. She analyzed flight risk, and listed the factors set forth in *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006). *Id.* She stated that she was aware of the positive equities in Petitioner's favor, including his time in the United States, his community ties, and his lack of a criminal record. *Id.* However, she ruled that Petitioner was a flight risk based on his limited chances of relief in his underlying case and the fact that his putative sponsor, his son, also does not have lawful status and is a "rider" in his underlying immigration case. *Id.* Based on those factors, the IJ found that Petitioner posed an extreme flight risk such that no amount of bond would secure his presence at future hearings. *Id.* at 25.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of

habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

District courts also have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026).

"When questions require a close review of agency-found facts," like an administrative judge's finding of dangerousness or flight risk in a bond hearing, "we review for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *see also Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (applying abuse of discretion standard to review compliance with an order for bond hearing on habeas); *Y.S.G. v. Andrews*, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *8 (E.D. Cal. Oct. 22, 2025) (same); *C.A.R.V.*, 2026 WL 241823 at *6 (same). "Under an abuse of discretion standard, we cannot reweigh evidence but can only determine whether the [agency] applied the correct legal standard." *Id.* (cleaned up). The Court's review for abuse of discretion is limited to those which allege "violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions." *See Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (quoting *Strickland v. Morton*, 519 F.2d 467, 471 (9th Cir. 1975)).

The government's discretion in immigration bond hearings is constrained by the requirements of due process. *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017)

("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). A noncitizen may show that an IJ abused her discretion in violation of the due process clause in a bond hearing by demonstrating either that the IJ "simply did not apply the right standard to the facts" or that "the IJ erred because the evidence itself could not—as a matter of law—have supported the decision to deny bond." *Garcia v. Hyde*, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (internal quotations omitted); *see also Nat. Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.").

### III.   DISCUSSION

#### A. Administrative Exhaustion

Respondents argue that Petitioner is required to exhaust administrative remedies regarding his bond determination before the Board of Immigration Appeals ("BIA") before bringing a motion to enforce judgment in this Court. Opp'n at 3-5. Respondents' arguments regarding administrative exhaustion, as well as the posture of this case and the interests at issue here, are substantively identical to those in *Bayani v. LaRose,* No. 26-CV-0266-JES-VET, 2026 WL 1270059 (S.D. Cal. May 8, 2026). The Court adopts its reasoning in that case by reference here, and finds, as many courts have, that administrative exhaustion is not required for Petitioner to bring this motion to enforce. *See id.*; *see also Izaguirre v. Freden*, No. 6:25-CV-6672-EAW, 2025 WL 3551788, at *1 (W.D.N.Y. Dec. 11, 2025) (holding that exhaustion was not required because, "[a]mong other reasons, exhaustion would be futile under these circumstances."); *Loba L.M.*, 2026 WL 710307, at *5 (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order); *Morgan v. Oddo*, No. 3:24-CV-221, 2025 WL 2653707, at *3–4 (W.D. Pa. Sept. 16, 2025) (noting the difficulty in applying the exhaustion requirement to motions to enforce and excusing prudential exhaustion); *see also Mau v. Chertoff*, 562 F. Supp. 2d

26-cv-2715-JES-GC

1107 (S.D. Cal. 2008) (holding that exhaustion was not required for the limited scope of review of a motion to enforce); *Judulang v. Chertoff*, 562 F. Supp. 2d 1119 (S.D. Cal. 2008) (same); *Sales v. Johnson*, No.16-cv-01745-EDL, 2017 WL 6855827 (N.D. Cal. Sept. 20, 2017) (same).

**B. Due Process**

Petitioner argues that Respondents violated his due process rights by providing him with a bond hearing that was not constitutionally adequate. Pet. at 3. He argues that he is entitled to a new bond hearing for his unconstitutionally prolonged detention. *Id.* Respondents disagree, arguing that the hearing complied with the court's order. Return at 3.

In *Matter of Guerra*, the BIA held that IJs may consider any evidence in the record when assessing bond eligibility, so long as the evidence is "probative and specific." 24 I&N Dec. 37 (BIA 2006). The BIA listed a non-exhaustive set of factors which IJs may consider in making such determinations:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 40. The BIA explained that IJs have "broad discretion" in deciding which factors to consider and weighing the factors. *Id.*

Here, Petitioner points to the equities in his favor, including a verified sponsor and residence, multiple letters of support, strong community and church ties, and a demonstrated history of compliance with supervision. Pet. at 14-15. He also argues that the IJs statements about his family members without status were unduly speculative considering his previous stability and release. *Id.* at 17. However, the IJ stated in her order

26-cv-2715-JES-GC

that she weighed the equities in Petitioner's favor, and the written order cites issues with his sponsor which go to his family ties and ability to reside in the country in the future, factors listed in *Guerra*. *Id.* at 26. Based on the above record and the arguments of the parties, the Court is unable to conclude that Respondents violated Petitioner's due process rights. Thus, the Court **DENIES** the petition.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus. The Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 3, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-2715-JES-GC